17 F.3d 1320
 WILLIAMS GAS PROCESSING COMPANY; Chevron U.S.A. Inc.;
Conoco Inc., a Delaware corporation, Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
Questar Pipeline Company; Phillips Petroleum Company; GPM
Gas Corporation; Pacific Interstate Transmission Company;
Southern California Gas Company; Northwest Natural Gas
Company; Northern Natural Gas Company; Northwest Pipeline
Corporation; Transwestern Pipeline Company; ANR Pipeline
Company; Colorado Interstate Gas Company; El Paso Natural
Gas Company; Arco Oil and Gas Company; Arco Natural Gas
Marketing, Inc.; Southwest Gas Corporation; Natural Gas
Clearinghouse; New Mexico Energy, Minerals and Natural
Resources Department; Commissioner of Public Lands for the
State of New Mexico, Intervenors.
 Nos. 92-9553, 92-9560 and 92-9561.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 28, 1994.
 
 Craig R. Rich of Williams Gas Processing Company, Salt Lake City, Utah (James T. McManus of Wright & Talisman, Washington, D.C., with him on the briefs), for Petitioner, Williams Gas Processing Company.
 Gordon Gooch of Travis & Gooch, Washington, D.C. (Bruce A. Connell of Conoco Inc., Houston, Texas; Gary D. Bowen of Chevron U.S.A. Inc., Houston, Texas; Charles F. Hosmer of ARCO Oil & Gas Company and ARCO Natural Gas Marketing Inc.; Mark R. Haskell and Frederick W. Giroux of Travis & Gooch, Washington, D.C.; Rand L. Carroll, Counsel, State of New Mexico Energy, Minerals and Natural Resources Department, Santa Fe, New Mexico; Gary Carlson, Assistant Commissioner of Public Lands, State of New Mexico, Santa Fe, New Mexico; and Steven R. Hunsicker of Baker & Botts, L.L.P., Washington, D.C., with him on the briefs), for Petitioners Conoco Inc. and Chevron U.S.A. Inc., and Intervenors ARCO Oil & Gas Company, ARCO Natural Gas Marketing Inc., New Mexico Energy, Minerals, and Natural Resources Department, and the Commissioner of Public Lands for the State of New Mexico.
 Randolph Lee Elliott, Attorney (William S. Scherman, General Counsel, and Jerome M. Feit, Solicitor, with him on the brief), Federal Energy Regulatory Commission, Washington, D.C., for Respondent.
 Before ANDERSON, McKAY, and TACHA, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Petitioners Williams Gas Processing Company ("Williams"), Chevron U.S.A., Inc. ("Chevron"), and Conoco, Inc. ("Conoco") seek review of orders issued by the Federal Energy Regulatory Commission ("FERC" or "Commission"). See Northwest Pipeline Corp., 59 F.E.R.C. p 61,115, at 61,426 (order approving abandonment and disclaiming jurisdiction); rh'g denied, 60 F.E.R.C. p 61,213, at 61,726, 1992 WL 408984 (1992). Williams contends that the Commission's orders erroneously assert jurisdiction over its gathering rates. Because the Commission represents that its orders neither assert jurisdiction over Williams nor express a binding and conclusive determination of its potential gathering-rate jurisdiction, we dismiss the appeal for lack of a case or controversy. We also dismiss the petitions of Chevron and Conoco, who jointly contend that the Commission must assert jurisdiction and require Williams at least to report its rates publicly. We hold that Chevron and Conoco lack standing as they have not been "aggrieved" by the orders.
 
 BACKGROUND
 
 2
 Williams is a newly created affiliate of Northwest Pipeline Corporation ("Northwest"), which owns and operates an interstate natural-gas pipeline. Until the orders cited above, Northwest also owned and operated extensive gathering and processing facilities, which collect gas from various well sites, prepare it for transportation, and deliver it into the interstate pipeline.
 
 
 3
 On July 2, 1991, Northwest filed a petition with the FERC requesting approval to abandon its gathering facilities by transferring them to Williams, an affiliate. R. Vol. I at 5. Concurrently, Williams sought a declaratory ruling that the facilities transferred were in fact "gathering" facilities under the Commission's "primary function" test and that, accordingly, they were exempt from FERC rate-regulatory jurisdiction under section 1(b) of the Natural Gas Act ("NGA"), 15 U.S.C. Sec. 717(b). R. Vol. IV at 938.
 
 
 4
 On May 1, 1992, the Commission issued an order approving the abandonment and transfer of the facilities from Northwest to Williams. 59 F.E.R.C. p 61,115, at 61,433-34. It also declared that under its primary function test all of the facilities transferred were "gathering" facilities for NGA purposes. Id. at 61,434-35; see Farmland Indus., Inc., 23 F.E.R.C. p 61,063 (1983), modified, Amerada Hess Corp., 52 F.E.R.C. p 61,268 (1990).
 
 
 5
 The Commission did not agree, however, with Williams's conclusion that section 1(b) precluded its jurisdiction over Williams's gathering rates. 59 F.E.R.C. at 61,435. Instead, the Commission discussed the Eighth Circuit's analysis of FERC jurisdiction in Northern Natural Gas Co. v. FERC, 929 F.2d 1261 (8th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 169, 116 L.Ed.2d 132 (1991), and concluded that "[we] may assert jurisdiction over gathering rates and services to be provided by a pipeline affiliate to the extent needed to preserve the Commission's statutory mandates, particularly with regard to NGA section 4 and section 5." 59 F.E.R.C. at 61,435-36.
 
 
 6
 The Commission placed no rate restrictions or reporting obligations on Williams, but stated that it would consider doing so if Williams "acts in a manner which is discriminatory, whether by favoring an affiliate company or otherwise," or "is not operating in accordance with open-access policies of this Commission." Id. at 61,436.
 
 
 7
 On August 28, 1992, the Commission denied requests for rehearing by Williams, Conoco, and Chevron, affirming the May 1 order in all respects. 60 F.E.R.C. p 61,213, at 61,733.
 
 DISCUSSION
 I. The Williams Petition
 
 8
 Williams contends that the Commission's orders erroneously assert jurisdiction over Williams's gathering rates. The Commission represented through counsel on appeal, however, that its orders neither assert jurisdiction nor imply that it has jurisdiction over Williams at the present time.[1] Consequently, there is no case or controversy between Williams and the Commission and, thus, we have no jurisdiction. U.S. Const. art. III, Sec. 2. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982); Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 874 (10th Cir.1992). We do not address, nor can the orders before us control, disputes that may arise in the future under differing circumstances.[2]
 
 II. The Chevron and Conoco Petitions
 
 9
 Chevron and Conoco and supporting intervenors are natural gas producers and shippers who must pay Northwest, and now Williams, to gather and transport their gas through the pipeline system. They jointly contend that the NGA, and particularly section 4, 15 U.S.C. Sec. 717c, requires the Commission to assert jurisdiction and immediately impose, at the very least, rate-reporting requirements on Williams.[3] The Commission's failure to do so, the producers contend, constitutes a failure to comply with its statutory mandate.
 
 
 10
 We agree with the Commission that the producers lack standing to challenge these orders. Section 19(b) allows only parties "aggrieved" by FERC orders to seek review in the court of appeals. 15 U.S.C. Sec. 717r(b). To be considered "aggrieved" under section 19(b), we have held that a party must demonstrate a "present and immediate" injury in fact, or "at least ... a looming unavoidable threat" of injury, as a result of the FERC order. NARUC, 823 F.2d at 1381. The alleged injury must be "concrete, perceptible harm of a real, non-speculative nature," Office of the Consumers' Counsel v. FERC, 808 F.2d 125, 128-29 (D.C.Cir.1987).
 
 
 11
 There is no evidence in this record that Chevron and Conoco have suffered, or will unavoidably suffer, an economic injury as a result of the Commission's orders. Their fear that Williams will charge unreasonable rates is only speculation for now, and even if it materializes, they can challenge the reasonableness of Williams's rates under section 5, 15 U.S.C. Sec. 717d. At most, the Commission's orders may make bringing a section 5 action less convenient for Chevron, Conoco, and the supporting intervenors because Williams is not subject at the present time to the same rate-reporting and rate-changing requirements of section 4(c)-(e), 15 U.S.C. Sec. 717c(c)-(e), that Northwest was prior to the transfer.
 
 
 12
 We hold that this alleged inconvenience in seeking a remedy for a possible injury is not the kind of present or unavoidable, concrete "aggrievement" entitling Chevron and Conoco to challenge the Commission's orders. Their petitions are therefore dismissed. 15 U.S.C. Sec. 717r(b).
 
 
 13
 For the reasons expressed above, the petitions of Williams, Chevron, and Conoco are DISMISSED.
 
 
 
 [1]
 We are mindful that "courts may not accept appellate counsel's post hoc rationalizations for agency action," but rather must uphold an agency's discretionary order "if at all, on the same basis articulated in the order by the agency itself." Burlington Truck Lines v. United States, 371 U.S. 156, 168-69, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962). This rule does not limit our consideration of an agency's clarification through counsel of the action the agency has taken in an order. After all, "[w]e must know what a decision means before the duty becomes ours to say whether it is right or wrong." Securities & Exchange Comm'n v. Chenery Corp., 332 U.S. 194, 197, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947) (quoting United States v. Chicago, M., St. P. & Pac. R., 294 U.S. 499, 511, 55 S.Ct. 462, 467, 79 L.Ed. 1023 (1935))
 
 
 [2]
 The Commission through counsel has made clear that its discussion of gathering-rate jurisdiction in the orders below will not preclude Williams from advancing any jurisdictional defenses in a future proceeding, thus alleviating Williams's concerns based on National Ass'n of Reg. Utility Comm'rs v. FERC, 823 F.2d 1377, 1382 (10th Cir.1987) ("NARUC") (noting that an agencies' jurisdictional rulings are generally res judicata in subsequent proceedings and must therefore be challenged by direct review). We express no views regarding the Commission's discussion of its NGA jurisdiction over gathering rates since it has not asserted any jurisdiction in the orders now before us
 
 
 [3]
 Chevron and Conoco, like Williams, had read the Commission's orders as asserting jurisdiction over Williams. Thus, their original contention, in part, was that the Commission has no discretion under section 4 to decide whether to regulate companies once it asserts jurisdiction. This question is moot, however, in light of the Commission's clarification through counsel that it has not asserted jurisdiction over Williams